IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WALLACE D. RUMPH,<br><br>                  Petitioner<br><br>VS.<br><br>DON JARRIEL, Warden,<br><br>                  Respondent | NO. 5:04-CV-62 (DF)<br><br>**PROCEEDINGS UNDER 28 U.S.C. §2254**<br>**BEFORE THE U.S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Petitioner WALLACE D. RUMPH has filed a petition seeking federal habeas corpus relief. Tab #1. Petitioner has sued DON JARRIEL, Warden of Dodge State Prison, alleging that he has been discriminated against, that he received an unjust sentence,[1] that he received ineffective assistance of counsel, and that his conviction was obtained through a coerced confession.

## I. Procedural History

On May 25, 1999, petitioner was indicted by a Peach County grand jury for burglary, kidnapping, criminal attempt to commit robbery by force, and simple battery. After pleading guilty on July 12, 1999, to burglary and criminal attempt to commit robbery by force, petitioner was treated as a recidivist and sentenced to twenty years for burglary and ten years for attempted robbery. The sentences were to run concurrently and petitioner was only to serve ten years.

On February 1, 2000, petitioner filed a state habeas petition in the Superior Court of Pike County. On October 18, 2001, petitioner's state habeas corpus petition was denied. However, the Georgia Supreme Court granted petitioner's application for a certificate of probable cause to appeal and remanded the case back to the habeas court for finding of fact. On December 19, 2002, the state habeas amended its order. The Georgia Supreme Court then denied petitioner's application for a certificate of probable cause to appeal. [2]

---

[1] Plaintiff also labels this claim as one of deliberate indifference.

[2] The court accepts the respondent's version of the facts as laid out in his brief in support of his answer:

The petition at bar was filed on February 24, 2004. Since the petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), it will be reviewed pursuant to the standards of the Act.

---

> MR. TILLIS (prosecutor): Your honor, in this case Ms. Mabel Roberts is 95 years old. Her next birthday, which is a little bit later this year, she'll be 96. She lives at 405 State College Drive. At about 4:30 or so in the morning, Mr. Johnny Augustus, who is her immediate next door neighbor, heard Ms. Roberts screaming and heard someone say to Ms. Roberts, give me your money. He called 911 and luckily we had some officers close by in the area. Three or four officers descended on her residence within a matter of minutes. The officers, in fact- as one officer approached the bedroom window, was able to see Mr. Rumph, could not see Ms. Roberts because she was down below the level of the window. He could see Mr. Rumph holding out both arms as if he were choking someone, or demanding money. The other officers then came in the door. Mr. Rumph then broke off his activity with Ms. Roberts and tried to run through them and he was tackled on the spot. Does that sound about right, Mr. Rumph?
>
> THE DEFENDANT: Well, Mr. Tillis, Your Honor, I did not choke Ms. Roberts. To be perfectly honest with you as to what transpired that day, I did unlawfully enter her home. Once I realized she was at home and she was- I knew I scared her because she was old. I tried to comfort her by putting my arms around her and reassuring her. I said, ma'am, I'm not going to do anything to hurt you, that I have a drug problem and need some money. As far as trying to hurt her or harm her, God knows I had no intent to do no such thing. My past- Mr. Tillis knows I don't have a violent offense on my record. I have a drug problem. Your Honor, basically that's all I was trying to do was support my habit. Which I know I did a wrongful act. There's no justification for it.
>
> MR. TILLIS: Mr. Rumph, let me- you've talked with Mr. Williams about your case? You understand what Ms. Roberts would say if she was brought in to testify?
>
> THE DEFENDANT: I guess so, sir. But I'm saying that's what I- I didn't- maybe she might have took it- taken it as me choking her, but I wasn't choking her. I was-
>
> MR. TILLIS: Well, you were using some force on Ms. Roberts? You say it's to console her or put her at ease, but you were using some- some laying on of the hands as far as Ms. Roberts-
>
> THE DEFENDANT: I did put my hands around her shoulder.
>
> MR. TILLIS: Did you have Ms. Roberts permission or authority to be in her home?
>
> THE DEFENDANT: No, sir.
>
> MR. TILLIS: Did she have any reason to give you any money of her own accord?
>
> THE DEFENDANT: No, sir.

## II. Need for an Evidentiary Hearing

Under the AEDPA, if the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

After a review of the file, the undersigned finds that an evidentiary hearing is not warranted in this case.

## III. Legal Standards
### Factual Presumption of Correctness

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. Discussion
### 1. Procedurally Defaulted Claims

The Court notes that at least one claim asserted by the petitioner in this proceeding has been or would now be found to be procedurally defaulted by the state courts. Specifically, petitioner claims in ground four that his confession was coerced.

The Supreme Court has held that when a defendant is barred from raising a federal constitutional claim in the state courts because of his failure to follow the state's procedural rules, he is also barred from raising the claim in his federal habeas petition absent a showing of cause for, and actual prejudice from, the procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Supreme Court has declined to essay a comprehensive list of circumstances that would justify a finding of cause. *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986). However, the Court has made it clear that the existence of cause for a procedural default must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

In other words, cause requires a showing of some external impediment preventing counsel from constructing or raising the claim. *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented the petitioner from raising the claim. *Murray v. Carrier*, 106 S.Ct. at 2645.

To show prejudice, a federal habeas petitioner generally must show that the error worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982).

A federal court can also consider claims that have been procedurally defaulted at the state court level if a resulting funda mental miscarriage of justice would occur if it did not consider them. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). *See also Aldridge v. Dugger*, 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of someone actually innocent. *Murray v. Carrier*, 106 S.Ct. at 2649.

After thoroughly reviewing the petitioner's allegations of error (Tab #14), the undersigned concludes that the petitioner has not demonstrated cause and prejudice to excuse his procedurally defaulted claims.[3]

---

[3] The undersigned is also unconvinced that the petitioner is entitled to avail himself of the fundamental miscarriage of justice exception.

4

**2. Discrimination**

In ground two, petitioner claims that he was discriminated against because the prosecutor did not serve notice of his intent to seek recidivist punishment on others who allegedly had similar or more serious criminal histories. As noted by the respondent, petitioner waived this claim when he entered his guilty plea. *United States v. Ruiz*, 536 U.S. 622, 629 (2002); *United States v. Broce*, 488 U.S. 563, 69 (1989).

After a review of the record and the standards set forth in 28 U.S.C. § 2254(d), the undersigned finds that the petitioner is entitled to no habeas relief on his discrimination claim.

**3. Unjust Sentence**

In ground three, petitioner claims that he was unjustly sentenced because he received the maximum sentence even though he pled guilty so as to avoid the maximum punishment and others did not receive the maximum punishment. This allegation fails to state a claim for federal habeas corpus relief. Petitioner's sentences fall within the range of punishment provided for under Georgia law. O.C.G.A. §§16-7-1, 16-4-6, and 16-8-40. Moreover, there is no constitutional right to proportionality review in sentencing. *Pulley v. Harris*, 465 U.S. 37 (1984).

After a review of the record and the standards set forth in 28 U.S.C. § 2254(d), the undersigned finds that the petitioner is entitled to no habeas relief on his claim of an unjust sentence.

**4. Ineffective Assistance Of Counsel**

In ground one, petitioner contends that he received ineffective assistance of counsel because counsel did not object to the state's intent seek recidivist punishment which cause him to receive the maximum punishment.

It is well settled that a petitioner setting forth an ineffective assistance of counsel claim, must prove two separate things in order to merit habeas corpus relief. First, he must show that his counsel's performance fell below an objective standard of reasonableness. Generally, a strong presumption exists that counsel rendered adequate assistance. The courts must also be mindful that a fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight. The circumstances of the challenged conduct should also be reconstructed and the conduct evaluated from the counsel's perspective at the time. Next, he must show that he suffered prejudice from the alleged deficiencies of his attorney. To prove prejudice, the petitioner bears a heavy burden. He must show that there is a reasonable probability that but for the enumerated errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Nelson v. Nagle*, 995 F.2d 1549, 1554 (11th Cir. 1993); *Waters v. Zant*, 979 F.2d 1473, 1490 (11th Cir. 1992); *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988).

The state habeas court found that there was no merit in petitioner's ineffective assistance of counsel claims. In its decision, the court correctly found that *Strickland v. Washington*, 466 U.S. 668 (1984), was the correct legal standard to be applied to petitioner's claims. Moreover, the state habeas court's decision is not contrary to controlling supreme court precedent nor is it an unreasonable interpretation of the facts in light of the evidence.

Larry Williams represented petitioner on his 1999 Peach County charges. At the state habeas hearing, he testified that he graduated from Mercer Law and had been practicing since 1993. He also testified that about 50 percent of his case load was in criminal law. Tab #Tab 5, Exhibit H at 18.

In preparation for petitioner's case, Mr. Williams visited petitioner twice and sent his associate twice to see him while he was incarcerated. He also investigated the case and spoke with the police and the victim. *Id*. at 19.

Mr. Williams stated that his main goal concerning petitioner's case was to get a guilty plea worked out because petitioner had informed him that was what he wanted. Mr. Williams then discussed this possibility with the prosecutor who suggested 15 years so long as a plea was entered by June 30th. The petitioner was not inclined to accept this deal, so Mr. Williams continued negotiating with the prosecutor. The June 30th deadline then passed, so the prosecutor would not recommend a specific term of imprisonment. *Id*. at 20-21. Counsel discussed this, and the fact that the prosecutor intended to seek to punish petitioner as a recidivist. Petitioner then chose to enter a guilty plea anyway. *Id*.

After a review of the record and the standards set forth in 28 U.S.C. § 2254(d), the undersigned finds that the petitioner is entitled to no habeas relief on his ineffective assistance of counsel claims.

Accordingly, IT IS RECOMMENDED that the petition of WALLACE RUMPH for relief under provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 23rd day of MAY, 2004.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE